UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: )
**LANITA S. WOOLRIDGE** )
) CASE NO. 08-33976
)
) Chapter 13
Debtor )

## AMENDED CHAPTER 13 PLAN

1. **Payments**: The future earnings of the debtor are submitted to the exclusive jurisdiction and control of the trustee and the debtor shall pay to the trustee the sum of **$237** per month. The payments shall be made by means of **payroll deduction** of, **$109 bi-weekly from Debtor's paycheck**. Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to plan.

2. **Administrative claims**: From the payments so received, the trustee shall make disbursements as follows:

   a) **Trustee's Fees:** The trustee's shall charge a percentage fee as may be periodically fixed by the Attorney General pursuant to 28 U.S.C. 586(e).

   b) **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing the petition is **$3,000.** The amount of **$701** was paid prior to the filing of the case. The balance of **$2,299** will be paid as follows: All available funds on hand, less amount paid to Trustee, to be paid at the initial disbursement following confirmation of the plan. The balance of attorney fees will be paid by an equal split with the secured creditors from all funds on hand monthly until the fee is paid in full. Pursuant to 507(a)(2) and 1326(b)(1), any tax refund submission received by the trustee will first be used to pay any balance of Debtor's Attorney's Fees.

3. **Claims Secured by Personal Property Which Debtor Intends to Retain**.

   (i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Trustee shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. No payment will be made by the Trustee without a filed proof of claim.

   Debtor shall make the following adequate protection payments:

   _____ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| | | |

   **X** None.

   (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding

claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c). No payment will be made by the Trustee without a filed proof of claim.

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). The values below are estimated numbers and the claims will ultimately control, unless the Debtor(s) object(s) to the claim. The Creditor(s) shall retain the lien on the vehicle until the claim is paid in full or the Chapter 13 case is discharged. Payments distributed by the Trustee are subject to the availability of funds.

___**X**___ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Estimated claim amount | (e) Estimated interest rate |
|---|---|---|---|---|
| | | | | |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). The values below are estimated numbers and the claims will ultimately control unless the Debtor(s) object(s) to the claim. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment based upon the replacement value as found in the claim. The claim filed by the creditor must reflect replacement value of the vehicle pursuant to § 506. The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. The Creditor(s) shall retain the lien on the vehicle until the claim is paid in full or the Chapter 13 case is discharged. Payments distributed by the Trustee are subject to the availability of funds.

___**X**___ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Estimated replacement value | (e) Estimated interest rate |
|---|---|---|---|---|
| | | | | |

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim until paid in full.

_____ None; or

| (a) Creditor | (b) Property description | (c) Estimated pre-petition Arrearage |
|---|---|---|
| Amerifirst Home Improvement | Homestead: 5800 N. 36th St., Milwaukee, WI | $600 |
| Universal Mortgage | Homestead: 5800 N. 36th St., Milwaukee, WI | $10,413 |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession /foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon, or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

__X__ None; or

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

4. **Priority claims** (inclusive of priority or secured tax claims) shall be paid in the following manner:

(A). **Domestic Support Obligations.**

__X__ None. If none, skip to Plan paragraph 5(B).

(i). Debtor is required to pay all post-petition domestic support obligations directly to

the holder of the claim.

(ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. § 101(14A) and 1302(b)(6).

(iii). Anticipated Domestic Support Obligation Arrearage Claims

(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. §1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.
_____ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage Claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
|  |  |  |

(b). Pursuant to § 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

_____ None; or

Claimant and proposed treatment:_____

(B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full, but will not be funded until all secured claims, lease arrearage claims, and domestic support claims are paid in full.
___**X**___ None; or

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
|  |  |

5. **Unsecured creditors**: Pay not less than estimated **5%** of timely filed, allowed claims.

Any other special plan provision: **N/A**

6. **Executory Contracts and Unexpired Leases:** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon

conclusion of the confirmation hearing.
_____ None; or

| (a)<br>Creditor | (b)<br>Nature of lease or executory contract | (c)<br>Payment to be paid directly by Debtor | (d)<br>Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

For cases not paying 100%, The "Base Amount" of the plan is the total sum of payments made to the trustee over the entire plan life.

7. **Plan length**: The length of the plan shall be approximately **60** months in duration.

8. **Claims Generally.** **The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

9. **Miscellaneous provision:**
***If the Debtor(s) is/are below the Wisconsin Median Income then the Debtor(s) shall provide the Chapter 13 Trustee ½ of Debtor(s) net income tax refund every year Debtor(s) is/are in the Chapter 13 bankruptcy.**

***Debtor(s) may file a modification to the Chapter 13 plan not without providing notice to creditor(s) if the Chapter 13 Trustee confirms that said modification is not materially adverse to said creditor(s).**

Debtor Signature:

Date: 1/29/09              S://_____